UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-80107-Cr-Middlebrooks/Brannon

18 USC § 922(g)(3)
18 USC § 922(g)(6)
18 USC § 924(c)
21 USC § 841(a)(1)
26 USC § 5861

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAMON V. WHITE, and
MIGUEL A. BERLINGERI,

    Defendants.
_____/

FILED BY ___TM___
Deputy Clerk

Jun 15, 2017

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. West Palm Beach

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### COUNT 1

On or about March 2, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**RAMON V. WHITE,**

did knowingly and intentionally distribute a controlled substance, in violation of Title 21,

United States Code, Section 841(a)(1).

The ~~United States Attorney~~ *Grand Jury* further charges pursuant to Title 21, United States Code, Section 841(b)(1)(C), that the controlled substance was in fact a mixture and substance containing a detectable amount of Cocaine.

## COUNT 2

On or about March 2, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**RAMON V. WHITE,**

did knowingly and unlawfully possess a "firearm," to wit, a silencer, as defined under Title 26, United States Code, Section 5845(a)(7), and Title 18, United States Code, Section 921(a)(24), not registered to him in the National Firearms Registration and Transfer Record.

In violation of Title 26, United States Code, Sections 5841, 5861(d), and 5871.

## COUNT 3

On or about March 2, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**RAMON V. WHITE,
and
MIGUEL A. BERLINGERI,**

did knowingly and unlawfully transfer a "firearm," to wit, a silencer, as defined under Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section

921(a)(24), to another person, in violation of the Title 26, United States Code, Sections 5811 and 5812 of the National Firearms Act.

All in violation of Title 26, United States Code, Sections 5841, 5861(e), and 5871, and Title 18, United States Code, Section 2.

## COUNT 4

On or about March 2, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**RAMON V. WHITE,**

did knowingly possess one or more firearms, to wit, a Ruger Model Mini-30 7.62 x 39 mm semi-automatic rifle, equipped with a firearms silencer, as defined under Title 26, United States Code, Section 5845(a)(7) and Title 18, United States Code, Section 921(a)(24), in furtherance of a drug trafficking crime as set forth in Count 1 above, for which the defendant may be prosecuted in a court of the United States.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii)

## COUNT 5.

On or about June 6, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**MIGUEL A. BERLINGERI,**

having previously been dishonorably discharged from the Armed Forces of the United States, did knowingly possess one or more firearms, in and affecting commerce, to wit:

- a.) Three (3) Palmetto States Armory, Model PA-15, semi-automatic rifles;
- b.) One (1) Ruger, Model 10/22, .22 caliber semi-automatic rifle;
- c.) One (1) Remington, Model 870, 20 gauge pump-action shotgun;
- d.) One (1) New England Firearms, Model Pardner, 20 gauge break-action shotgun;
- e.) One (1) Beretta, Model 92SB, 9mm semi-automatic pistol;
- f.) One (1) Stoeger, Model 3000, 12 gauge semi-automatic shotgun;
- g.) One (1) Remington, Model 1100, 12 gauge semi-automatic shotgun;
- h.) One (1) Remington, Model 870, 12 gauge pump-action shotgun;
- i.) One (1) Perazzi, Model Mirage, 12 gauge break-action shotgun;
- j.) One (1) Ruger, Model Mini-14, .223 caliber, semi-automatic rifle;
- k.) One (1) Russian, Model 91/30, caliber 7.62 x 54R mm bolt-action rifle;
- l.) One (1) Remington Model 700, caliber 7mm bolt-action rifle;
- m.) One (1) Glock, Model 26, 9mm semi-automatic pistol; and,
- n.) One (1) Cobra Enterprises, Inc./Kodiak Industries, Model CB380, .380 caliber Derringer pistol.

In violation of Title 18, United States Code, Sections 922(g)(6) and 924(a)(2).

## COUNT 6.

On or about June 6, 2017, in Palm Beach County, in the Southern District of Florida, the defendant,

**MIGUEL A. BERLINGERI,**

then being an unlawful user of a controlled substance as defined in Title 21, United States Code, Section 802, to wit, cocaine, did knowingly possess one or more firearms, in and affecting commerce, to wit:

- a.) Three (3) Palmetto States Armory, Model PA-15, semi-automatic rifles;
- b.) One (1) Ruger, Model 10/22, .22 caliber semi-automatic rifle;
- c.) One (1) Remington, Model 870, 20 gauge pump-action shotgun;
- d.) One (1) New England Firearms, Model Pardner, 20 gauge break-action

        shotgun;
- e.) One (1) Beretta, Model 92SB, 9mm semi-automatic pistol;
- f.) One (1) Stoeger, Model 3000, 12 gauge semi-automatic shotgun;
- g.) One (1) Remington, Model 1100, 12 gauge semi-automatic shotgun;
- h.) One (1) Remington, Model 870, 12 gauge pump-action shotgun;
- i.) One (1) Perazzi, Model Mirage, 12 gauge break-action shotgun;
- j.) One (1) Ruger, Model Mini-14, .223 caliber, semi-automatic rifle;
- k.) One (1) Russian, Model 91/30, caliber 7.62 x 54R mm bolt-action rifle;
- l.) One (1) Remington Model 700, caliber 7mm bolt-action rifle;
- m.) One (1) Glock, Model 26, 9mm semi-automatic pistol; and,
- n.) One (1) Cobra Enterprises, Inc./Kodiak Industries, Model CB380, .380 caliber Derringer pistol.

In violation of Title 18, United States Code, Sections 922(g)(6) and 924(a)(2).

A TRUE BILL:

_____
FOREPERSON


_____
BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

_____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

RAMON V. WHITE, and
MIGUEL A. BERLINGERI,

Defendant.
_____/

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division**: (Select One)

____ Miami      ____ Key West
____ FTL    _X_ WPB    ____ FTP

New Defendant(s)         Yes ____   No ____
Number of New Defendants  ____        ____
Total number of counts    ____        ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   __No__
   List language and/or dialect _____

4. This case will take __7-10__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   
   I    0 to 5 days       ____
   II   6 to 10 days      _X_
   III  11 to 20 days     ____
   IV   21 to 60 days     ____
   V    61 days and over  ____

   (Check only one)
   
   Petty    ____
   Minor    ____
   Misdem.  ____
   Felony   _X_

6. Has this case been previously filed in this District Court?  (Yes or No)   __No__
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __Yes__
   If yes:
   Magistrate Case No.             __17-8208-WM; 17-8210-WM__
   Related Miscellaneous numbers:  _____
   Defendant(s) in federal custody as of __06/07/2017; 6/6/2017__
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   __No__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

_____
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin No. A5500228

\*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   **RAMON V. WHITE**

**Case No:** _____

Count : 1

Distribution of a Controlled Substance
Title 21, USC §§ 841(a)(1), and (b)(1)(C)

**\* Max. Penalty:**   0-20 years' imprisonment; $1,000,000 fine;
3 years' to life supervised release

Count : 2

Possession of an Unregistered Silencer
Title 26, USC §§ 5861, 5861(d) and 5871

**\* Max. Penalty:**   0-10 years' imprisonment; $250,000 fine;
0-3 years' supervised release

Count : 3

Transfer of an Unregistered Silencer
Title 26, USC §§ 5861(e), and 5871 and Title 18, USC § 2

**\* Max. Penalty:**   0-10 years' imprisonment; $250,000 fine;
0-3 years' supervised release

Count : 4

Possession of Firearms and Silencer in Furtherance of Drug Trafficking Crime
Title 18, USC §§ 924(c)(1)(A), and 924(c)(1)(B)(ii)

**\* Max. Penalty:**   30 years' mandatory minimum to life imprisonment, to be served consecutively to any Sentence imposed on Count #1; $250,000 fine; 0-3 years' supervised release

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   **MIGUEL A. BERLINGERI**

**Case No:** _____

Count :  3

Transfer of an Unregistered Silencer
Title 26, USC §§ 5861(e) and 5871, and Title 18, USC § 2

**\* Max. Penalty:**   0-10 years' imprisonment; $250,000 fine;
0-3 years' supervised release

Count :  5

Possession of Firearms by a Person Dishonorably Discharged from Armed Forces of the United States
Title 18, USC §§ 922(g)(6), and 924(a)(2)

**\* Max. Penalty:**   0-10 years' imprisonment; $250,000 fine;
0-3 years' supervised release

Count :  6

Possession of Firearms by an Unlawful User of a Controlled Substance
Title 18, USC §§ 922(g)(6), and 924(a)(2)

**\* Max. Penalty:**   0-10 years' imprisonment; $250,000 fine;
0-3 years' supervised release

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.